UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOPEWELL RISK STRATEGIES, LLC, <br><br> *Plaintiffs*, <br> v. <br> SPECIALTY CARE MANAGEMENT, LLC, <br><br> *Defendant*, | Civil Action No.: 3:17-cv-13788 (PGS)(TJB) <br><br><br><br> MEMORANDUM AND ORDER |

This matter comes before the Court on defendant's motion to dismiss plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.

I.

Plaintiff, Hopewell Risk Strategies, LLC (hereinafter "Hopewell"), was in the business of providing medical bill review services, wherein Hopewell's services assisted clients in negotiating reductions in billed medical services. (Am. Compl., ECF No. 11, at ¶¶ 1, 3). Defendant, Specialty Care Management, LLC ("hereinafter SCM"), provided medical bill verification services for renal medical services and billing. (*Id.* at ¶¶ 2, 4). Prior to October 2011, Robert Clemente and Gerald Young were co-owners of Hopewell and SCM. (*Id.* at ¶ 8).

During October 2011, Hopewell and SCM entered into the Hopewell Risk Strategies, LLC and Specialty Care Management, LLC Services Agreement ("Agreement"), and then Young and Clemente entered into a Purchase and Sale Agreement (*Id.* at ¶¶6-11). Under the Purchase and Sale Agreement, Young became the sole owner of Hopewell, and it was the expectation under that agreement that Young would be entitled to a revenue stream. (*Id.* ¶12).

1

Pursuant to the Agreement, SCM was to use Hopewell on "an exclusive basis" for review of all SCM's renal medical bills, and in exchange for Hopewell's services, SCM was to pay Hopewell $50,000 per month in November and December 2011, and in January 2012, $50,000 or 32% of fees SCM collected from its clients in December 2011, net of commissions paid to third parties, whichever was greater. (*Id.* at ¶¶ 14-16). SCM was required to make payment in full on all balances due to Hopewell within thirty business days of receiving payments from SCM's clients. (*Id.* at ¶ 17).

From January 2012 through May 2013, Hopewell sent SCM monthly invoices totaling $911,975.90; however, SCM only paid Hopewell $597,369.50. (*Id.* at ¶¶ 20, 24-25). At this time, Hopewell requested from SCM a full and complete accounting, because it believed SCM's invoices did not accurately account for the commission due to Hopewell under the agreement. (*Id.* at ¶ 26). SCM did not provide Hopewell with an accounting. (*Id.*) Based on this, Hopewell believed SCM had not, on "an exclusive basis," used Hopewell for all of SCM's renal medical reviews, which violated the contractual agreement. (*Id.* at ¶ 27). Hopewell also believed that SCM had misappropriated Hopewell's proprietary and confidential software and databases for its competing companies, in violation of the agreements. (*Id.* at ¶ 29).

In 2013, SCM filed suit for declaration of relief against Hopewell, and Hopewell filed a counterclaim for breach of contract. (*Id.* at ¶ 82). The parties participated in extensive discovery, and this Court denied motions for Summary Judgment. (*Id.* at ¶ 84). Thereafter, pursuant to a Memorandum of Understanding ("MOU") dated December 7, 2015, the attorneys for the parties agreed to submit the matter to binding arbitration. (*Id.* at ¶ 85, *see also* ECF No. 11-5 (MOU)). The following day, on December 8, 2015, attorneys for the parties signed another letter agreeing to a high/low settlement agreement wherein the maximum amount Hopewell could be awarded

was $700,000 and the minimum (low) amount was $50,000. (*Id.* at ¶ 86, *see also* ECF No. 11-6).[1] With those agreements in place, the parties submitted a Stipulation of Dismissal without Prejudice, and the Court executed same on December 10, 2015. (ECF No. 11-7). After submitting the matter to binding arbitration, on April 11, 2016, Judge Wallitsh of ADR Options rendered a verdict in favor of SCM, and awarded no damages to Hopewell[2]. (Am. Compl. at ¶ 88).

On June 6, 2016, Hopewell wrote to the Court requesting the matter be re-listed for trial. (ECF No. 13-5). Hopewell claimed it had requested payment ($50,000) from SCM multiple times; however, SCM refused to render payment due to an alleged "third party lien that was not part of the settlement agreement." (*Id.*) Hopewell claims that the parties therefore never had a meeting of the minds when they entered into the high/low settlement agreement, and the settlement agreement was entered under false pretenses. (*Id.*)

In response, SCM counters that Hopewell was not paid because it had not followed ordinary procedures to modify the Arbitration Award to reflect a $50,000 award, as agreed to in the high/low agreement, and to confirm that award as a judgment. (ECF No. 13-2, at ¶ 10). SCM informed the Court that a third-party, Steven Turner, has obtained a judgment against Hopewell in the amount of $456,609.53, and Turner seeks payment. (Def. br., ECF No. 13-1, at 4). The judgment of Turner against Hopewell is not pending before this Court.

This Court scheduled a conference for June 21, 2016, where the Court advised Hopewell that, if it wanted to vacate the Arbitration Award, it should file a motion to do so. (ECF No.13-2 at ¶ 12-13). Instead, Hopewell brought the present suit on December 29, 2017. In this new action,

---

[1] Courts may consider "undisputedly authentic document that a defendant attaches as an exhibit to a motion. to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, the Court may consider the at issue high-low Settlement Agreement and Arbitration Award, attached as exhibits to SCM's motion to dismiss.

[2] The terms of the high/low settlement agreement were not disclosed to the arbitrator.

3

Hopewell brings ten claims: (1) Breach of contract (services agreement); (2) Breach of covenant of good faith and fair dealing (services agreement); (3) Promissory estoppel (services agreement); (4) Quantum meruit (services agreement); (5) Fraud (services agreement); (6) Breach of the settlement agreement; (7) Breach of covenant of good faith and fair dealing (settlement agreement); (8) Promissory estoppel (settlement agreement); (9) Quantum meruit (settlement agreement); and (10) Fraud (settlement agreement).

SCM filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. (ECF No. 13). Specifically, SCM contends that the court lacks subject matter jurisdiction because a valid arbitration exists between the parties. (Def. br. at 6). Should the court determine it does have subject matter jurisdiction over these claims, SCM argues that the doctrines of collateral estoppel and the entire controversy doctrine bars this action. (*Id.* at 10). Finally, SCM argues that instead of bringing the present suit, Hopewell's recourse was to bring a suit to modify the arbitration award and to enter a judgment against SCM *Id.* at 11.

II.

Pursuant to the Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for lack of jurisdiction over the subject matter. This motion to dismiss may be asserted at any time in a case. *In re Kaiser Group Int"l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). In a motion to dismiss based on subject matter jurisdiction, "the standard . . . is much more demanding [than the standard under 12(b)(6)]. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, 2007 U.S. Dist. LEXIS

74611, at *7 (D.N.J. Oct. 5, 2007). In contrast, a factual challenge "concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). If there is a factual challenge to the Court's subject matter jurisdiction, " it is permissible for a court to review evidence outside the pleadings." *Id.*

III.

In this matter, the parties entered into a MOU and a supplemental letter which, together, set forth the arbitration agreement and the high/low settlement agreement. Within the MOU, the parties acknowledge that in order "to avoid potentially excessive costs associated with trial . . . the Parties agree[d] to arbitrate their dispute . . . ." (MOU at 1). The MOU highlighted that it is binding arbitration (¶2), to last no more than 2 days (¶ 2), to be conducted by Judge Thomas Wallitsch or Judge Gafni (¶3), without further discovery (¶7), and any appeal from the arbitration award is subject to the Federal Arbitration Act (¶13). The supplemental letter memorializes that "the parties agree that, regardless of the amount awarded by the Arbitrator in favor of either party, the Arbitration Award will reflect that SCM owes Hopewell no less than $50,000, and no more than $700,000." (ECF No. 11-6).

Here, Hopewell is attempting to avoid the arbitration decision by arguing that it demanded payment of $50,000 from SCM, and since SCM refused to pay same, Hopewell has the right to set aside the arbitration, and to re-litigate the substance of this matter before this Court. Here, Hopewell's logic is misplaced for the following reasons.

First, in the MOU, the parties agreed to follow the Federal Arbitration Act. To review of such an award is accomplished by instituting a suit to confirm, modify, or vacate an award in federal district court. 9 U.S.C. §§ 9-12. Hopewell has not followed that statutory requirement

despite the terms of the arbitration agreement. *See generally United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567-68 (1960).

Second, Hopewell is attempting to reopen a case that has been dismissed and now seeks to relitigate the merits of the same claims. Such an approach is inefficient because it seeks to expend judicial time on matters that have already been determined. Generally, the purpose of the arbitration is to relieve congestion in courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation. *Booth v. Hume Pub., Inc.*, 902 F. 2d 925 (1990). The prime objective is to achieve streamline proceedings and expeditious results. *Preston v. Ferrer*, 552 U.S. 346 (2008). Here, seeking to reopen rubs abrasively against the underlying principles.

Lastly, the arbitration shall be given issue preclusive effect. The parties arbitrated their dispute for two days before Judge Wallitsch (Retired). (Def. br.at 3). Each party submitted arbitration statements, and the Arbitration hearing included opening and closing statements by attorneys for both Hopewell and SCM. (*Id.*) Each party presented evidence through documents, and witnesses who were subject to cross-examination. (*Id.*) Judge Wallitsch thereafter rendered an award in favor of SCM, "after hearing the evidence and arguments of counsel." (ECF No. 11-4). Further, the parties acknowledged in their agreement that the arbitration would be binding. (ECF No. 11-5). Finally, Hopewell has not alleged that the Arbitration was unfair or that it did not produce any final award. *See Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2013 U.S. Dist. LEXIS 140155, at *9 (D.N.J. Sep. 27, 2013); *see also Sheet Metal Workers Int'l Ass'n Local Union No. 27 v. E.P. Donnelly, Inc.*, 673 F. Supp. 2d 313, 321 (D.N.J. 2009) (finding an arbitration award preclusive where "there [was] no genuine dispute that the procedures governing the

arbitration were fair and that the arbitration produced a final award."). In addition, modifying the award against the high/low agreement is a relatively easy task.

For these reasons, the Complaint is dismissed with prejudice. From the issues presented, it would be futile to allow an amendment to the complaint.

**ORDER**

IT IS on this 20th day of December, 2018,

**ORDERED** that Defendant's Motion to Dismiss plaintiff's amended complaint (ECF No. 13) is **GRANTED**.

_____
PETER G. SHERIDAN, U.S.D.J.